STEPHEN M. HAYES (SBN 83583)
RYAN Z. KELLER (SBN 249193)
HAYES SCOTT BONINO ELLINGSON & GUSLANI LLP
333 Twin Dolphin Road, Suite 230
Redwood City, California 94065
Telephone: 650.637.9100

Attorneys for Plaintiff
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>DORIS JEAN VANZANT; JOSEPH MICHAEL IRIBERRI; and DOES 1 through 25, Inclusive,<br><br>Defendants. | **CASE NO.**<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL** |

1924841

**STATE FARM'S COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") complains against defendants, and each of them, as follows:

## I.
## THE PARTIES

1. Plaintiff State Farm is, and at all relevant times was, an insurance company and corporation duly organized and existing under the laws of the State of Illinois, incorporated under the laws of Illinois, and with its principal place of business in Illinois. Accordingly, State Farm is a citizen of Illinois within the meaning of 28 U.S.C. § 1332.

2. State Farm is informed and believes and thereon alleges that at all relevant times, defendant, Doris Jean Vanzant, has been, and still is a California citizen within the meaning of 28 U.S.C. § 1332.

3. State Farm is informed and believes and thereon alleges that at all relevant times, defendant, Joseph Michael Iriberri, has been, and still is a California citizen within the meaning of 28 U.S.C. § 1332.

## II.
## JURISDICTION AND VENUE

4. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq.* The Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000, exclusive of interest and costs. Further, original jurisdiction is proper under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*

5. The amount in controversy, exclusive of interest and costs, exceeds the value of $75,000. State Farm issued an automobile insurance policy to Joseph Iriberri with policy limits of $50,000 per person. Plaintiff in the underlying action, Doris Jean Vanzant, incurred approximately $577,000 in medical bills as a result of a motor vehicle accident with Iriberri. Vanzant now claims damages in excess of $75,000 against State Farm for the alleged failure to settle. As discussed further

below, Vanzant obtained an agreed-upon judgment against Iriberri in the amount of $5,500,000.00, and now seeks to recover against State Farm via an assignment of rights from Iriberri.

6. Pursuant to 28 U.S.C. § 1391, venue in this district is proper because the subject accident giving rise to the claim for insurance occurred in San Bernardino County, California. Moreover, the underlying action giving rise to this dispute was venued in this district in San Bernardino Superior Court.

## III.
## GENERAL ALLEGATIONS

### A. The Accident And Underlying Action

7. State Farm issued an automobile insurance policy to Iriberri for his 2008 Toyota Tundra which was in effect on March 30, 2020. The policy provided liability coverage to Iriberri for claims arising from bodily injury and/or property damage to others resulting from an accident involving a vehicle insured under the policy. The policy had liability limits of $50,000 per person/$100,000 per accident.

8. On March 30, 2020, Iriberri and Vanzant were involved in a motor vehicle accident. Iriberri's State Farm policy was in effect at the time of the accident (the "Accident.")

9. On August 21, 2020, Vanzant filed a lawsuit against Iriberri in San Bernardino Superior Court, entitled <u>Doris Jean Vanzant v. Joseph Michael Iriberri et al.</u> (Case No. CIV DS 2018402) (hereinafter the "Underlying Action.") The lawsuit alleged that Iriberri negligently caused both general and special damages to Vanzant and also sought punitive damages.

### B. State Farm Designates Defense Counsel And Tenders Its Policy Limits

10. On May 5, 2020, Vanzant's former counsel, Kevin Crockett of Sweet James, LLP, issued a policy limit demand to State Farm related to the Accident.

11. State Farm provided a defense to Iriberri and designated Rick Muench

and Dana Brody of Gates, Gonter, Guy, Proudfoot, and Muench, LLP to represent Iriberri with respect to any bodily injury claims related to the Accident.

12. Brody wrote to Crockett on May 8, 2020 requesting a four-week extension to review plaintiff's demand and respond. Crockett refused this reasonable request and instead only provided a two-week extension to June 2, 2020.

13. On May 28, 2020, State Farm tendered its $50,000 policy limits, and Brody accepted Vanzant's settlement demand on Iriberri's behalf. Brody arranged for a courier to hand deliver an acceptance package to Crockett's office which included a $50,000 settlement check, a letter indicating that Iriberri was accepting the settlement demand, and a declaration from Iriberri. Brody received a signed Acknowledgement of Receipt that Sweet James, LLP received these documents on May 28, 2020 at 12:55 p.m.

14. The acceptance package satisfied all conditions of Vanzant's settlement demand, except one that required Brody to carefully consider the insured's best interests in light of his potential criminal liability due to pending allegations that he was liable for a hit and run. Vanzant had demanded that Iriberri's declaration state that he was not in the course and scope of employment at the time of the accident. However, Brody's letter to Crockett explained that because of the ongoing criminal investigation, Iriberri was unable to make this statement in his declaration for fear of making an admission against his interest in the criminal action. Thus, Iriberri invoked the Fifth Amendment in his May 14, 2020 declaration as to this settlement condition, stating "I respectfully invoke my rights under the Fifth Amendment of the United States Constitution and Article I, Section 24, of the Constitution of the State of California, on the grounds that complying with and responding to the conditions in the policy limits demand letter of May 5, 2020 may incriminate me and invade my constitutional rights." Brody closed her letter by advising that Vanzant's counsel could contact her if he had any questions or concerns regarding the acceptance of the settlement demand.

### C. Vanzant's Counsel Asserts The Conditions Of The Demand Were Not Satisfied

15. Despite receiving Iriberri's settlement package five days before the deadline, Crockett waited for the June 2, 2020 deadline to pass, and then contacted Brody and asserted the conditions of the settlement demand were not met because Iriberri's declaration did not provide the necessary information regarding course and scope of employment.

16. Brody asked Crockett if he would accept a supplemental declaration from Iriberri stating that on the date of the accident he was unemployed and on disability. Brody testified at deposition in the Underlying Action that Crockett stated he would accept the supplemental declaration as satisfaction of the settlement conditions.

17. On June 24, 2020, Brody sent a letter to Crockett by facsimile enclosing the previously discussed supplemental declaration from Iriberri. The supplemental declaration added language including the following: "On March 30, 2020, I was unemployed and on disability. I have been unemployed and on disability since approximately 2017."

### D. Criminal Charges Are Filed Against Iriberri And Vanzant Files The Underlying Action

18. On July 21, 2020, criminal charges were filed against Iriberri in San Bernardino Superior Court. The complaint alleged charges for misdemeanor hit and run pursuant to Vehicle Code § 20001(B)(1).

19. Having not received a response, Brody sent a follow up email to Crockett on July 15, 2020 seeking to confirm that the supplemental declaration was accepted and inquiring about the status of the release. Crockett did not respond. Instead, Vanzant filed the Underlying Action on August 21, 2020.

**STATE FARM'S COMPLAINT FOR DECLARATORY RELIEF**

**E.   Iriberri Accepts Offer of Judgment In Excess Of State Farm's Policy Limits And Iriberri Assigns His Rights Against State Farm**

20.   Vanzant alleges that State Farm unreasonably failed to settle Vanzant's claim within its policy limits.

21.   On approximately June 20, 2023, Iriberri accepted Vanzant's offer of an agreed-upon Judgment in the amount of $5,500,000.00 in the Underlying Action with State Farm's written consent. As part of its consent, State Farm agreed to pay its $50,000 per person policy limit within 20 days following being served with Notice of Entry of Judgment.

22.   On approximately June 18, 2023, in a separate agreement, and attached as Exhibit A to the agreed-upon Judgment, Iriberri assigned all of his assignable rights against State Farm in exchange for a stay of execution of the agreed-upon Judgment against him. As part of the assignment, Vanzant and Iriberri contend that Vanzant's offer to settle was fair and reasonable in all respects and that State Farm failed to timely satisfy all the conditions to accept the settlement offer. State Farm denies their contention.

## IV.
## FIRST CAUSE OF ACTION

**Declaratory Relief**
**(Against All Defendants)**

23.   State Farm incorporates paragraphs 1 through 22 as though fully set forth herein.

24.   Vanzant contends that State Farm unreasonably failed to accept a reasonable settlement demand (Vanzant's May 5, 2020 demand) for an amount within State Farm's policy limits. State Farm contends, however, that it reasonably responded to Vanzant's demand, including by writing a check for its policy limits and directing Iriberri's defense counsel to accept the demand. The only complication (the alleged failure to provide a declaration that Iriberri was not in the course and scope of employment at the time of the Accident) arose from a desire to protect the

insured's interest, not State Farm's interest.

25. An actual controversy has arisen between plaintiff and defendants herein, and each of them, concerning State Farm's rights and duties under the policy issued to Iriberri, Vanzant's contention that State Farm unreasonably failed to settle within policy limits, and the alleged liability for consequential damages arising therefrom. State Farm thus seeks a judicial determination that:

   a. State Farm did not unreasonably fail to accept a reasonable settlement within State Farm's policy limits with respect to Vanzant's May 5, 2020 settlement demand;

   b. State Farm is not liable for any consequential damages and is not obligated to pay the amount of the judgment above its $50,000 policy limit.

26. As a result, an actual controversy exists as described herein and this court may declare the rights and other legal relations of the parties pursuant to the Declaratory Judgment Act, 22 U.S.C. § 2201.

27. A judicial determination of this controversy is necessary and appropriate in order for the parties to ascertain their rights, duties, and obligations under the policy.

# V.
# PRAYER

**WHEREFORE**, State Farm prays for judgment against defendants, and each of them, as follows:

1. For a judgment declaring that:

   a. State Farm did not unreasonably fail to accept a reasonable settlement within State Farm's policy limits in response to Vanzant's May 5, 2020 settlement demand, and

   b. State Farm is not liable for any consequential damages and is not obligated to pay the amount of the judgment in excess of its $50,000

1         policy limit;

2    2.    For costs of the suit;

3    3.    For such other and further relief as the Court may deem appropriate.

5 Dated: June 21, 2023         HAYES SCOTT BONINO ELLINGSON & GUSLANI LLP

By: */S/ Ryan Z Keller*
STEPHEN M. HAYES
RYAN Z. KELLER
Attorneys for Plaintiff
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

## **DEMAND FOR JURY TRIAL**

State Farm hereby demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: June 21, 2023
                                  HAYES SCOTT BONINO
                                  ELLINGSON & GUSLANI LLP

By: */S/ Ryan Z Keller*
     STEPHEN M. HAYES
     RYAN Z. KELLER
     Attorneys for Plaintiff
     STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY